## Case No. 14,628.

### UNITED STATES v. BOWEN.

[2 Cranch, C. C. 133.][1]

Circuit Court, District of Columbia. April Term, 1817.

LARCENY—GOODS AND CHATTELS—BANKNOTES.

Banknotes are not goods and chattels, nor money, and stealing them is no offence at common law.

[Cited in U. S. v. Carnot, Case No. 14,726.]

Indictment, at common law [against Henry Bowen, a negro], for stealing a banknote. Verdict, guilty.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 14,629.

### UNITED STATES v. BOWEN.

[4 Cranch, C. C. 604.][1]

Circuit Court, District of Columbia. Nov. Term, 1835.

ASSAULT WITH INTENT TO KILL—DRUNKENNESS—ACT OF VIOLENCE—BURGLARY—SLAVE.

1. If a slave in Washington, D. C., enters the sleeping-room of his mistress in the night time with an axe in his hand, with intent to kill her, she being then in bed in the room, and is prevented, by the waking and noise of the mistress and her servant, and by being seized and forced out of the room, he is guilty of an attempt to murder a person, under the Maryland act of assembly, 1751 (chapter 14, § 2). Drunkenness is no justification; but may be given in evidence to enable the jury to judge of the intent.

2. If a slave, lodging in the house, lifts the latch of his mistress's sleeping-room in the night time, and enters with an axe in his hand, and with intent to murder her, he is guilty of burglary; and, to constitute an attempt to murder, no further act of violence is necessary.

Indictment of a slave for an attempt to murder his mistress; and for burglary. The defendant [John Arthur Bowen] was the slave of Mrs. Anna Maria Thornton. The indictment contained three counts. The first was under the Maryland law of 1751 (chapter 14, § 2), which enacts that "slaves, convicted of attempting to murder any person, shall suffer death without benefit of clergy;" and charged the prisoner with an attempt to murder his mistress, Mrs. Thornton, without stating the means, or manner, of the attempt. The second charged the attempt to be with an axe. The third, was for burglary in breaking the dwelling-house of Mrs. Thornton in the night time, with intent to murder her.

Mr. Jones, for the prisoner, insisted that the first count was too general; as it charges the simple attempt to murder, without saying by what means, or in what manner. What is an attempt? An unexecuted intent is not punishable by human laws. There must be some overt act testifying the intent, and amounting to an attempt. The having a weapon is not sufficient. If I have a pistol and do not present it, it is no attempt to kill. If the prisoner had raised the axe in a violent and threatening manner, within striking distance, and had only been prevented by the interposition of some superior force, it would have been an attempt. As to the third count. There was no burglary. The prisoner was lawfully in the house; and the raising the latch of an inner door, is not such a breaking as is necessary to constitute burglary.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key, U. S. Atty., contra, admits there must be an intent and an attempt to murder; but it is not necessary that he should raise the axe. It is sufficient that he took the axe and went into the chamber with intent to murder his mistress. It is an attempt; and drunkenness is no excuse; perhaps an aggravation. 3 Chit. Cr. Law, 1107; 1 Hale, P. C. 554; Edmonds' Case, Hut. 20; Kel. 67; 3 Inst. 5, where a servant lodging in the same house, unlatched the door of his master's bedroom with intent to kill him, was hanged for the burglary.

Mr. Key, then prayed the jury: (1) "That if they believe from the evidence that the prisoner took the axe, and entered with it into his mistress's room, with the intent to murder her, and was prevented by the awakening of his mistress and her servant, and by their noise, and his being seized and forced out of the room, from executing his intention, then the prisoner is guilty under the act of assembly." (2) "That if the jury believe from the evidence that the prisoner was drunk when he formed. and attempted to execute the above intention, it does not excuse the prisoner."

Which instructions THE COURT gave, but added (THRUSTON, Circuit Judge, contra) that the intoxication of the prisoner is a fact proper to be considered by the jury in forming their opinion of the intent with which he took the axe and entered his mistress's chamber.

THE COURT, also, at the prayer of the United States attorney, instructed the jury, that if they believe from the evidence, that the prisoner, in the night time, unlatched his mistress's door. and with an axe, entered the room with intent to kill her, then he is guilty under the third count of the indictment.

Whereupon, Mr. Jones, for prisoner, prayed the court to instruct the jury as follows: (1) "But if the jury find that the prisoner did, in fact, nothing more, in execution. or towards the execution of his supposed felonious intent, than to enter the room with the axe in his hand; and that after he came into the room he made no motion or attempt whatever to raise the axe against his mistress, or to strike at her, and proceeded no further than merely to enter with such intent. then it is not an attempt to murder, within the meaning of the act of assembly, although expelled from the room immediately." (2) "But the intoxication and consequent mental excitement and derangement of the prisoner, is proper to be considered by the jury, as accounting for his misconduct, and inferring the absence of a malicious and felonious intent;" which two instructions the court refused to give.

The prisoner was convicted. and on the 23d of January. 1836, sentenced to be hanged on the 26th of February: but he was reprieved from time to time and finally pardoned at the instance of his mistress.